IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOS WHITLEY, | No. C 19-5459 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| R. NEUSCHMID, Warden, | (Dkt. No. 13) |
| Respondent. | |

### INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the criminal judgment of a state court. Respondent filed a motion to dismiss the petition. Petitioner did not oppose the motion. For the reasons discussed below, the motion to dismiss is **GRANTED** and the case is **DISMISSED**.

### STATEMENT

The parties do not dispute the following. In 2006, a jury in Alameda County Superior Court convicted petitioner of two counts of second-degree robbery. Petitioner had seven prior "strike" convictions, and the trial court sentenced him to a term of 65 years to life in state prison. In April 2007, the California Court of Appeal affirmed the conviction, and on July 11, 2007, the California Supreme Court denied a petition for review.

Between August and November 2018, petitioner filed several unsuccessful petitions in the California Court of Appeal. In December 2018, he filed a habeas petition in Alameda County Superior Court, which denied the petition as untimely in January 2019. On April 4, 2019, petitioner filed a habeas petition in the California Supreme Court, and the court the

denied the petition as untimely on July 10, 2019. Petitioner filed the instant federal petition in August 2019.

**ANALYSIS**

Prisoners must file petitions challenging non-capital state convictions or sentences within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

Petitioner's judgment became final under Section 2244(d)(1)(A) on October 11, 2007, because that is when the time for seeking a writ of certiorari in the United States Supreme Court from the denial of his final direct appeal in the state court expired. *See Bowen v. Roe*, 188 F.3d 1157, 1158 (9th Cir. 1999). The limitations period expired one year later, on October 11, 2008. Under the "mailbox rule" the instant petition is deemed filed when it was given to prison authorities for filing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Petitioner filed the instant petition more than ten years later, in August 2019. Absent tolling for that amount of time, the instant petition is untimely.

Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2). Petitioner's state habeas petitions do not toll the limitations period because he filed them in 2018, long after the limitations period had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that once AEDPA's limitations period has run, state habeas petition cannot revive it). Accordingly, tolling under Section 2244(d)(2) does not render the instant petition timely. In addition, petitioner does not assert that there are grounds to

equitably toll the limitations period, nor do any such grounds appear in the record. Petitioner argues that the petition is timely because the trial court lacked jurisdiction over his conviction. He contends that jurisdiction was lacking because the state charged him with a felony complaint. The federal constitution does not require a prosecutor to charge a defendant with a grand jury, nor does it forbid the use of a felony complaint as a charging document. *Hurtado v. California*, 100 U.S. 516, 534-35 (1984). Petitioner presents no authority that he had a constitutional right to a grand jury, much less that the use of a felony complaint deprived the state court of jurisdiction over his criminal trial or rendered the instant petition timely.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition as untimely is **GRANTED** and the petition is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 26, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE